DAVID CHIU, State Bar #189542
City Attorney
ROSE DARLING, State Bar #243893
Chief Labor Attorney
ADAM SHAPIRO, State Bar #267429
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3830
E-Mail:          adam.shapiro@sfcityatty.org


Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES MEEHAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, AND DOES 1 TO 100,<br><br>          Defendant(s). | Case No. 3:25cv-980<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br><br>Date Action Filed:     December 31, 2024<br>Trial Date:             None |

1

NOTICE OF REMOVAL
*Dolores Meehan v. CCSF* CASE NO.

**TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DOLORES MEEHAN AND HER ATTORNEY OF RECORD:**

NOTICE IS HEREBY GIVEN that Defendant City and County of San Francisco ("Defendant" or the "City") in the captioned action, San Francisco Superior Court Case No. CGC-24-621098 hereby files in the United States District Court for the Northern District of California, a Notice of Removal of said action to said United States District Court, pursuant to 28 U.S.C. §1441, and are filing in said Superior Court a Notice of Removal.

**STATE COURT ACTION**

Pursuant to 28 U.S.C. §1441, Defendant presents the following facts to the Judges of the United States Court for the Northern District of California:

On or about December 31, 2024, Plaintiff filed a Complaint against the City. A copy of the Complaint ("Complaint") filed in the San Francisco Superior Court (the "Superior Court") was served on Defendant on or about January 3, 2025. The Complaint alleges claims under the First Amendment of the United States Constitution. A true and correct copy of the Complaint received by Defendant is attached as **Exhibit A**.

On December 31, 2024, the Superior Court issued a notice of case management, setting a case management conference for June 4, 2025. A copy of that notice is attached as **Exhibit B**. The Superior Court issued a summons on January 2, 2025, a true and correct copy of which is attached hereto as **Exhibit C**. On January 6, 2025, Plaintiff filed a proof of service of summons, a true and correct copy of which is attached as **Exhibit D**.

On January 27, 2025, Defendant filed its Answer to Plaintiff's Complaint for Damages in the Superior Court. A copy of the Answer was filed and served on Plaintiff on or about January 27, 2025. A true and correct copy of the Answer served on Plaintiff is attached as **Exhibit E.**

NOTICE OF REMOVAL
*Dolores Meehan v. CCSF* CASE NO.

The above represents the only pleadings, processes and orders on file with the Superior Court to the knowledge of the undersigned, as required by 28 U.S.C. §1441. The above also represents a true and accurate description of the status of the Superior Court action.

**JURISDICTION**

Where a defendant is sued in a state court for alleged federal civil rights violations, the defendant has the option of defending in the state court or removing the proceeding to federal court pursuant to 28 U.S.C. §1441(b). Section 1441(b) provides in relevant part:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1441(a) states that the proper venue upon removal is to the district court "for the district and division embracing the place where such state action is pending." 28 U.S.C. §1441(a). Section 1446(b) provides that the notice of removal "may be filed within thirty days after receipt by defendant. . . of a copy of an amended pleading, motion . . . or other paper from which it may first be ascertained that the case is one which is or has become removable. . ." 28 U.S.C. § 1446(b).

The Complaint brought against the City in the Superior Court alleges a causes of action over which this Court has original jurisdiction under 28 U.S.C. §1331. Specifically, Plaintiff's second cause of action alleges violation of the Free Exercise Clause of the First Amendment to the United States Constitution. (Ex. A at ¶¶ 17-24.) Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

The Complaint also includes state law causes of action for failure to accommodate religious beliefs in violation of the California Fair Employment and Housing Act ("FEHA") and violation of the Free Exercise Clause of the California Constitution. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's FEHA and state constitutional claims because such claims are so related to Plaintiff's Title VII and First Amendment claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also City*

3

NOTICE OF REMOVAL
*Dolores Meehan v. CCSF* CASE NO.

*of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997) (Section 1367(a) "applies with equal force to cases removed to federal court as to cases initially filed there").

Defendant files this Notice within 30 days after Defendant's receipt of service of the Complaint, which is the first pleading from which it can be ascertained that this action is removable, pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).

Dated:  January 30, 2025

DAVID CHIU
City Attorney
ROSE DARLING
Chief Labor Attorney
ADAM SHAPIRO
Deputy City Attorney


By:*/s/Adam Shapiro*
ADAM SHAPIRO

Attorneys for Defendant(s)
DEFENDANT CITY AND COUNTY OF SAN FRANCISCO

4

NOTICE OF REMOVAL
*Dolores Meehan v. CCSF* CASE NO.